IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

GARY LEE DOZIER, JR.,

           Plaintiff,          Civil Action No.
                                                   9:17-CV-584 (MAD/DEP)

    v.

JOHN DOE, *et al.*,

           Defendant.

---

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

**[last known address]**
GARY LEE DOZIER, JR., *Pro se*
11-A-1948
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

FOR DEFENDANT:

HON. LETITIA JAMES              NICHOLAS L. ZAPP, ESQ.
New York State Attorney General   Assistant Attorney General
The Capitol
Albany, New York 12224

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by *pro se* plaintiff Gary Lee Dozier, Jr., a former inmate who was released from custody on November 16, 2018, and whose current address is not known to the court. In his complaint, plaintiff alleges that two unidentified corrections officers employed by the New York State Department of Corrections and Community Supervision ("DOCCS") subjected him to excessive force in violation of the Eighth Amendment while he was confined to the Clinton Correctional Facility ("Clinton") on September 7, 2015.

Currently pending before the court is a motion brought by defendants, in which they seek dismissal of plaintiff's claims on the ground that he failed to comply with his obligation to notify the court and opposing counsel of his current address. Due undoubtedly to the fact that neither defendants' counsel nor the court has been able to notify plaintiff of the pending motion, he has not responded in opposition. Since it is apparent that plaintiff has failed to comply with the court's requirement that he notify the court and opposing counsel of his new address, I recommend that defendants' motion be granted and plaintiff's complaint be dismissed.

I.   BACKGROUND

Plaintiff commenced this action on or about May 9, 2017, in the United States District Court for the Southern District of New York. Dkt. Nos. 1, 2. Although at the time of filing plaintiff was confined to the Downstate Correctional Facility ("Downstate"), located in Fishkill, New York and within the Southern District, that court issued a transfer order on May 17, 2017 based on the fact that plaintiff's claims arose out of his confinement at Clinton, located in this district. Dkt. No. 4. Following the transfer to this court, District Judge Mae A. D'Agostino issued an order on May 25, 2017, administratively closing the action and denying plaintiff's application for leave to proceed *in forma pauperis* ("IFP") as incomplete. Dkt. No. 6. In that decision, plaintiff was directed to either file a proper IFP application, signed and certified by an appropriate official at the prison facility in which he was confined, or pay the full $400.00 filing fee, within thirty days of the date of the order. *Id*.

Plaintiff filed a second application for IFP status, together with an inmate authorization form, on June 29, 2017, Dkt. Nos. 7, 8, and District Judge D'Agostino accordingly reopened the case on the same day. Dkt. No. 9. On September 1, 2017, I issued a decision and order in which I granted plaintiff's application to proceed without prepayment of fees. Dkt.

No. 10. Because plaintiff was not able to identify either of defendants with sufficient clarity to effect service upon them, I ordered that the New York State Attorney General's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), attempt to ascertain the full names of the John Doe defendants identified by plaintiff. *Id.* at 3. In that order, I also expressly warned plaintiff as follows:

> **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result int he dismissal of this action**[.]

*Id.* at 5 (emphasis in original).

Although plaintiff did not notify the court that he had been transferred from Downstate to Clinton at some unknown point, he nonetheless notified the court on September 15, 2017 of his anticipated release from the Clinton on September 27, 2017. Dkt. No. 11. Plaintiff also provided the court with an address where he could be reached upon his release from incarceration. *Id.*

By decision and order dated January 9, 2018, plaintiff was directed to review the documents provided by the New York State Attorney General's Office, and to submit an amended complaint, which substituted any identifiable defendants in place of the John Doe defendants, within

thirty days. Dkt. No. 16. Plaintiff failed to comply. Accordingly, on March 14, 2018, I issued a decision and order directing plaintiff to once again submit an amended complaint within thirty days. Dkt. No. 17.

On March 30, 2018, plaintiff notified the court that he had "been re-incarcerated" and that he was being housed at Downstate. Dkt. No. 18. On April 30, 2018, plaintiff notified the court that he had been moved to the Sing Sing Correctional Facility ("Sing Sing") located in Ossining, New York. Dkt. No. 21. In letters dated May 11, 2018 and May 15, 2018, which both reflect that plaintiff at the time was incarcerated at Sing Sing, plaintiff advised the court that despite the documents that had been provided to him, he was unable to ascertain the identities of the two defendants. Dkt. Nos. 22, 23.

Plaintiff has not otherwise communicated with the court since his letter dated May 15, 2018. Dkt. No. 23. According to a search of DOCCS records, plaintiff was released from Sing Sing on November 18, 2018. Dkt. No. 36-2 at 4. Despite his change of circumstances, however, to date, plaintiff has failed to provide a current address where he can be reached for purposes of communications from the court and defendants' counsel.

On February 6, 2019, defendants moved to dismiss plaintiff's complaint on the ground that he has failed to comply with his obligation to

5

notify the court and opposing counsel of his current address. *See generally* Dkt. No. 36. Not surprisingly, plaintiff has not responded in opposition to the motion. Defendants' motion, which is now fully briefed, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. §§ 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See also* Fed. R. Civ. P. 72(b).

II. DISCUSSION

For reasons that are self-evident, this court's local rules require that "[a]ll attorneys of record and *pro se* litigants immediately notify the Court of any change of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). As one court has observed with respect to this requirement,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King,* No. 84-3310, 1985 U.S. App. LEXIS 31736, at *4 (5th Cir. Mar. 19,

6

1985)).[1] Plaintiff was initially informed of this requirement in my decision and order dated September 1, 2017. *See* Dkt. No. 10 at 5. Since then, plaintiff sporadically complied with his obligation, notifying the court on two occasions of his address change. Dkt. Nos. 11, 18.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.[2] Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. In addition, it should be exercised with caution and restraint because dismissal is a particularly harsh remedy, especially when invoked against a

---

[1]  All unreported decisions cited to in this report have been appended for the convenience of the *pro se* plaintiff.

[2]  Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.' " *Rodriguez*, 2007 WL 4246443, at *2 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, the local rules of this court recognize this authority and mandate that the court exercise it under certain circumstances. *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

*pro se* plaintiff. *Baptiste*, 768 F.3d at 216-17.

A determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of five specific factors, including (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair chance to be heard; and (5) whether the imposition of sanctions less drastic than dismissal is appropriate. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau*, Inc., 839 F.2d 930, 932 (2d Cir. 1988))*; see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999).

Based upon careful consideration of the foregoing relevant factors, I conclude that dismissal of plaintiff's complaint at this juncture is warranted. The inability of the court and opposing counsel to communicate with plaintiff is due solely to his failure to provide an updated the court with his new address. Plaintiff has not complied with the court's direction to file an amended complaint, has not communicated with the court since May 2018, and failed to provide the court with an updated address upon being

released from custody more than three months ago. Plaintiff's failure to proceed in this action has a substantial injurious effect on the litigation, and there is no end to plaintiff's inaction in sight. Given plaintiff's manifest disinterest in pursuing his claims in this action, I find that the need to alleviate congestion on the court's docket and the defendants' interest in defending against the claims asserted by plaintiff outweigh his right to receive a further opportunity to be heard in this matter. As required, I have considered less-drastic sanctions, but reject them as ineffective. For example, I am persuaded that issuing an order reprimanding or otherwise sanctioning plaintiff for his conduct would be futile, given that such an order would, in all likelihood, never reach plaintiff due to his failure to provide the court with a current address following his release from custody.

III.    SUMMARY AND RECOMMENDATION

This matter obviously cannot proceed without notification to the court by the plaintiff of his current address. Although plaintiff was made aware of his obligation to provide such notification to the court, he has failed to do so. Accordingly, it is hereby respectfully

RECOMMENDED that defendants' motion to dismiss (Dkt. No. 36) be GRANTED and that plaintiff's complaint (Dkt. No. 1) in this action be

DISMISSED in its entirety, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon his failure to prosecute and to comply with this court's orders and local rules of practice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[3] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:  February 27, 2019
        Syracuse, New York

---

[3]  If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

Case 9:17-cv-00584-MAD-DEP   Document 37   Filed 02/27/19   Page 11 of 16

Dansby v. Albany County Correctional Facility Staff, Not Reported in F.Supp. (1996)
1996 WL 172699

1996 WL 172699
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Kevin DANSBY, Plaintiff,
v.
ALBANY COUNTY CORRECTIONAL FACILITY STAFF, Defendant.

No. 95-CV-1525 (RSP/RWS).
|
April 10, 1996.

**Attorneys and Law Firms**

Kevin Dansby pro se.

*ORDER*

POOLER, District Judge.

*1 In an order and report-recommendation dated December 8, 1995, Magistrate Judge Smith noted that Dansby had not signed the complaint he filed to commence this action. Magistrate Judge Smith directed Dansby to submit an affidavit which contained all of the representations delineated in Fed.R.Civ.P. 11(b) with respect to his complaint. The magistrate judge recommended dismissal of Dansby's action if Dansby failed to comply with the terms of the report-recommendation within forty-five (45) days from the date of the service.

On December 12, 1995, a copy of the report-recommendation was served on Dansby by regular mail to his last known address, the Albany County Jail. On December 22, 1995, the jail returned the report-recommendation marked "Return to Sender -- No Forwarding Order on File."

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629 (1962). The district court may exercise its discretion to dismiss when necessary to achieve orderly and expeditious disposition of cases. See *Rodriguez v. Walsh,* 1994 W.L. 9688, at *1 (S.D.N.Y. 1994).

Moreover, a plaintiff has the duty to inform the Court of any address changes. As the Fifth Circuit has stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (citing *Williams v. New Orleans Public Service, Inc.,* 728 F.2d 730 (5th Cir. 1984); *Wilson v. Atwood Group,* 725 F.2d 255 (5th Cir. 1984) (en banc)); *see Wehlen v. Foti et al.,* 1987 W.L. 8039, at *1-2 (E.D.La. 1987); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without Dansby filing the affidavit described above or notifying the court of his current address. Therefore, it is hereby

ORDERED, that this action is dismissed. *See* Rules 5.4(b)(4) and 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail at his last known address.

IT IS SO ORDERED.

**Dansby v. Albany County Correctional Facility Staff, Not Reported in F.Supp. (1996)**

Case 9:17-cv-00584-MAD-DEP   Document 37   Filed 02/27/19   Page 12 of 16

1996 WL 172699

**All Citations**

Not Reported in F.Supp., 1996 WL 172699

---

**End of Document**  © 2019 Thomson Reuters. No claim to original U.S. Government Works.

2007 WL 4246443
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Jose RODRIGUEZ, Plaintiff,
v.
Glen S. GOORD, et al, Defendants.

No. 9:04-CV-0358 (FJS/GHL).
|
Nov. 27, 2007.

**Attorneys and Law Firms**

Jose Rodriguez, Willard, NY, pro se.

Andrew M. Cuomo, Attorney General of the State of New York, David L. Cochran, Esq., Assistant Attorney General, of Counsel, Albany, NY, for Defendants.

### *DECISION AND ORDER*

FREDERICK J. SCULLIN, Senior District Judge.

**\*1** The above-captioned matter having been presented to me by the Report-Recommendation of Magistrate Judge George H. Lowe filed November 6, 2007, and the Court having reviewed the Report-Recommendation and the entire file in this matter, and no objections to said Report-Recommendation having been filed, the Court hereby

**ORDERS,** that Magistrate Judge Lowe's November 6, 2007 Report-Recommendation is **ACCEPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS,** that Defendants' motion, pursuant to Local Rule 41.2(b), to dismiss for Plaintiff's failure to provide notice to the Court of a change of address, is **GRANTED;** and the Court further

**ORDERS,** that the Clerk of the Court enter judgment in favor of the Defendants and close this case.

**IT IS SO ORDERED.**

### *REPORT-RECOMMENDATION*

GEORGE H. LOWE, United States Magistrate Judge.

This *pro se* prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules of Practice for this Court. Generally, Jose Rodriguez ("Plaintiff") alleges that, while he was an inmate at Oneida Correctional Facility in 2003 and 2004, ten employees of the New York State Department of Correctional Services ("Defendants") were deliberately indifferent to his serious medical needs, and subjected him to cruel and unusual prison conditions, in violation of the Eighth Amendment. (Dkt. No. 27 [Plf .'s Am. Compl.].) Currently pending is Defendants' motion to dismiss for failure to provide notice to the Court of a change of address, pursuant to Local Rule 41.2(b) of the Local Rules of Practice for this Court. (Dkt. No. 86.) Plaintiff has not opposed the motion, despite having been given more than six weeks in which to do so. Under the circumstances, I recommend that (1) Defendants' motion to dismiss be granted, and (2) in the alternative, the Court exercise its inherent authority to *sua sponte* dismiss Plaintiff's Amended Complaint for failure to prosecute and/or failure to comply with an Order of the Court.

**I. DEFENDANTS' MOTION TO DISMISS**
Under the Local Rules of Practice for this Court, Plaintiff has effectively "consented" to the granting of Defendants' motion to dismiss, since (1) he failed to oppose the motion, (2) the motion was properly filed, and (3) Defendants have, through the motion, met their burden of demonstrating entitlement to the relief requested in the motion. L.R. 7.1(b)(3).

In particular, with regard to this last factor (i.e., that Defendants have met their burden of demonstrating entitlement to the relief requested), Defendants argue that their motion to dismiss should be granted because (1) Local Rule 41.2(b) provides that "[f]ailure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending action," (2) on April 15, 2004, Plaintiff was specifically advised of this rule when (through Dkt. No. 5, at 4) the Court advised Plaintiff that "his failure to [promptly

Case 9:17-cv-00584-MAD-DEP   Document 37   Filed 02/27/19   Page 14 of 16
**Rodriguez v. Goord, Not Reported in F.Supp.2d (2007)**
2007 WL 4246443

notify the Clerk's Office and all parties or their counsel of any change in his address] will result in the dismissal of his action," (3) on May 22, 2007, Plaintiff was released from the Willard Drug Treatment Center, (4) since that time, Plaintiff has failed to provide notice to the Court (or Defendants) of his new address, as required by Local Rule 10.1(b)(2), and (5) as a result of this failure, Defendants have been prejudiced in that they have been unable to contact Plaintiff in connection with this litigation (e.g., in order to depose him, as authorized by the Court on May 4, 2007). (Dkt. No. 86, Part 4, at 1-2 [Defs.' Mem. of Law].)

**\*2** Authority exists suggesting that an inquiry into the third factor (i.e., whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1[b][3]) is a more limited endeavor than a review of a contested motion to dismiss. [1] Specifically, under such an analysis, the movant's burden of persuasion is lightened such that, in order to succeed, his motion need only be "facially meritorious." [2] Given that Defendants accurately cite the law and facts in their memorandum of law, I find that they have met their lightened burden on their unopposed motion. Moreover, I am confident that I would reach the same conclusion even if their motion were contested.

For these reasons, I recommend that the Court grant Defendants' motion to dismiss.

## II. *SUA SPONTE* DISMISSAL

Even if Defendants have not met their burden on their motion to dismiss, the Court possesses the inherent authority to dismiss Plaintiff's Amended Complaint *sua sponte* under the circumstances. Rule 41 of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a proceeding for (1) failure to prosecute the action and/or (2) failure to comply with the Federal Rules of Civil Procedure or an Order of the Court. Fed.R.Civ.P. 41(b). [3] However, it has long been recognized that, despite Rule 41 (which speaks only of a *motion* to dismiss on the referenced grounds, and not a *sua sponte* order of dismissal on those grounds), courts retain the "inherent power" to *sua sponte* "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *see also* Saylor v. Bastedo, 623 F.2d 230, 238 (2d Cir.1980); Theilmann v. Rutland Hospital, Inc., 455 F.2d 853, 855 (2d Cir.1972). Indeed, Local Rule 41.2(a) not only recognizes this authority but *requires* that it be exercised in appropriate circumstances. *See* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge *shall* order it dismissed.") [emphasis added].

### A. Failure to Prosecute

With regard to the first ground for dismissal (a failure to prosecute the action), it is within the trial judge's sound discretion to dismiss for want of prosecution. [4] The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions. [5]

**\*3** As a general rule, no single one of these five factors is dispositive. [6] However, I note that, with regard to the first factor, Rule 41.2 of the Local Rules of Practice for this Court provides that a "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). In addition, I note that a party's failure to keep the Clerk's Office apprised of his or her current address may also constitute grounds for dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. [7]

Here, I find that, under the circumstances, the above-described factors weigh in favor of dismissal. The duration of Plaintiff's failure is some six-and-a-half months, i.e., since April 22, 2007, the date of the last document that Plaintiff attempted to file with the Court (Dkt. No. 85). Plaintiff received adequate notice (e.g., through the Court's above-referenced Order of April 15, 2004, and Defendants' motion to dismiss) that his failure to litigate this action (e.g., through providing a current address) would result in dismissal. Defendants are likely to be prejudiced by further delays in this proceeding, since

Case 9:17-cv-00584-MAD-DEP Document 37 Filed 02/27/19 Page 15 of 16

**Rodriguez v. Goord, Not Reported in F.Supp.2d (2007)**
2007 WL 4246443

they have been waiting to take Plaintiff's deposition since May 4, 2007. (Dkt. No. 84.) I find that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this action. [8] Finally, I have considered all less-drastic sanctions and rejected them, largely because they would be futile under the circumstances (e.g., an Order warning or chastising Plaintiff may very well not reach him, due to his failure to provide a current address).

### B. Failure to Comply with Order of Court

With regard to the second ground for dismissal (a failure to comply with an Order of the Court), the legal standard governing such a dismissal is very similar to the legal standard governing a dismissal for failure to prosecute. "Dismissal ... for failure to comply with an order of the court is a matter committed to the discretion of the district court." [9] The correctness of a dismissal for failure to comply with an order of the court is determined in light of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. [10]

Here, I find that, under the circumstances, the above-described factors weigh in favor of dismissal for the same reasons as described above in Part II.A. of this Report-Recommendation. I note that the Order that Plaintiff has violated is the Court's Order of April 15, 2004, wherein the Court ordered Plaintiff, *inter alia,* to keep the Clerk's Office apprised of his current address. (Dkt. No. 5, at 4.) Specifically, the Court advised plaintiff that *"[p]laintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do same will result in the dismissal of this action."* (*Id.*) I note also that, on numerous previous occasions in this action, Plaintiff violated this Order, resulting in delays in the action. (*See* Dkt. Nos. 47, 48, 49, 50, 54, 59, 72, 78, 79 & Dkt. Entry for 12/15/06 [indicating that mail from the Court to Plaintiff was returned as undeliverable].)

**\*4** As a result, I recommend that, should the Court decide to deny Defendants' motion to dismiss, the Court exercise its authority to dismiss Plaintiff's Amended Complaint *sua sponte* for failure to prosecute and/or failure to comply with an Order of the Court.

**ACCORDINGLY,** for the reasons stated above, it is

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 86) be **GRANTED%;** and it is further

**RECOMMENDED** that, in the alternative, the Court exercise its inherent authority to **SUA SPONTE DISMISS** Plaintiff's Amended Complaint for failure to prosecute and/or failure to comply with an Order of the Court.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15 [2d Cir.1989] ); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e)..

**All Citations**

Not Reported in F.Supp.2d, 2007 WL 4246443

---

Footnotes

1  *See, e.g., Hernandez v. Nash,* 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at \*7-8, 2003 WL 22143709 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before an unopposed motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious* ") [emphasis added; citations omitted]; *Race Safe Sys. v. Indy Racing League,* 251 F.Supp.2d 1106, 1109-10 (N.D.N.Y.2003) (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3] ); *see also Wilmer v. Torian,* 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at \*2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M .J.) (applying prior version of Rule 7.1 [b][3], but recommending dismissal because of plaintiff's failure to

**Rodriguez v. Goord, Not Reported in F.Supp.2d (2007)**
Case 9:17-cv-00584-MAD-DEP    Document 37    Filed 02/27/19    Page 16 of 16
2007 WL 4246443

|   |   |
|---|---|
|   | respond to motion to dismiss *and* the reasons set forth in defendants' motion papers), *adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord, Carter v. Superintendent Montello,* 95-CV-0989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F.Supp. 595 (N.D.N.Y.1996) (Pooler, J.). |
| 2 | *See, e.g., Hernandez,* 2003 U.S. Dist. LEXIS 1625 at *8. |
| 3 | Fed.R.Civ.P. 41(b) (providing, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant"). |
| 4 | *See Merker v. Rice,* 649 F.2d 171, 173 (2d Cir.1981). |
| 5 | *See Shannon v. GE Co.,* 186 F.3d 186, 193 (2d Cir.1999) (affirming Rule 41[b] dismissal of plaintiff's claims by U.S. District Court for Northern District of New York based on plaintiff's failure to prosecute the action) [citation and internal quotation marks omitted]. |
| 6 | *See Nita v. Conn. Dep't of Env. Protection,* 16 F.3d 482 (2d Cir.1994). |
| 7 | *See, e.g., Robinson v. Middaugh,* 95-CV-0836, 1997 U.S. Dist. LEXIS 13929, at *2-3, 1997 WL 567961 (N.D.N.Y. Sept. 11, 1997) (Pooler, J.) (dismissing action under Fed.R.Civ.P. 41[b] where plaintiff failed to inform the Clerk of his change of address despite having been previously ordered by Court to keep the Clerk advised of such a change); *see also* N.D.N.Y. L.R. 41.2(b) ("Failure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending action."). |
| 8 | It is cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's dubious distinction as having (among the twelve circuits, including the D.C. Circuit) the longest median time to disposition for prisoner civil rights cases, between 2000 and 2005 (9.8 months, as compared to a national average of 5.7 months). Simply stated, I am unable to afford Plaintiff with further special solicitude without impermissibly burdening the Court and unfairly tipping the scales of justice against Defendant. |
| 9 | *Alvarez v. Simmons Market Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988) [citations omitted]. |
| 10 | *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) [citations omitted]. |

---

**End of Document**                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.