**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**GARY LEE DOZIER, JR.,**

                        **Plaintiff,**

   vs.
                                                 **9:17-CV-584
                                                 (MAD/DEP)**

**JOHN DOE,** *et al.*

                        **Defendants.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**GARY LEE DOZIER, JR.**
11-A-1948
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **NICHOLAS L. ZAPP, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff Gary Lee Dozier, Jr., a former inmate who was released from custody on November 16, 2018 and whose current address is not known to the Court.

In his complaint, Plaintiff alleges that two unidentified corrections officers employed by the New York State Department of Corrections and Community Supervision ("DOCCS") subjected him to excessive force in violation of the Eighth Amendment while he was confined to Clinton Correctional Facility ("Clinton") on September 7, 2015. *See* Dkt. No. 2. Plaintiff

commenced this action on or around May 9, 2017 in the United States District Court for the Southern District of New York. That court issued a transfer order on May 17, 2017 based on the fact that Plaintiff's claims arose out of his confinement at Clinton, located in this District.

In a Report and Recommendation dated February 27, 2019, Chief Magistrate Judge Peebles recommended that the Court grant Defendants' motion to dismiss and that Plaintiff's complaint in this action be dismissed in its entirety for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff did not object to Chief Magistrate Judge Peebles recommendation or ask for an extension of time to do so.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point"(citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of

2

further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, Chief Magistrate Judge Peebles found that the inability of the Court and opposing counsel to communicate with Plaintiff is entirely due to Plaintiff's failure to provide an updated address to the Court. Plaintiff has not complied with the Court's direction to file an amended complaint, and has not communicated with the Court since May 2018. *See* Dkt. No. 22. Chief Magistrate Judge Peebles provided Plaintiff adequate notice that he was required to file any objections to the Report and Recommendation, and specifically informed him that failure to object to any portion of the report would preclude his right to appellate review. *See* Dkt. No. 37 at 10. Specifically, Chief Magistrate Judge Peebles informed plaintiff that "**FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e)." *See id.* Magistrate Judge Peebles clearly provided Plaintiff with sufficient notice of the consequences of failing to object to the Report and Recommendation.

Upon a review of the Report-Recommendation, and considering that the parties have failed to object to any of Chief Magistrate Judge Peebles' thorough and well-reasoned recommendations, the Court finds no clear error in Chief Magistrate Judge Peebles

recommendations and hereby affirms and adopts the Report-Recommendation as the opinion of the Court.

Accordingly, the Court hereby

**ORDERS** that Chief Magistrate Judge Peebles' February 27, 2019 Report and Recommendation is **ACCEPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendant's motion to dismiss for failure to prosecute is **GRANTED** and Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case.

**IT IS SO ORDERED.**

Dated: May 31, 2019
      Albany, New York

Mae A. D'Agostino
U.S. District Judge